granted the petitioner's motion for summary judgment on the ground, *inter alia,* that the assessment on the petitioner's property was unconstitutional, and (2) reduced the petitioner's real property tax assessment for each of the tax years 1986-1987, 1987-1988, 1988-1989, 1989-1990, and 1990-1991.

Ordered that the order and judgment is reversed, on the law, with costs, the petitioner's motion for summary judgment is denied, and upon searching the record, the petitioner's claim that the reassessment of its property was unconstitutional is dismissed *(see, Matter of Board of Mgrs. v Board of Assessors,* 197 AD2d 620 [decided herewith]). Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur. [As amended by order entered Mar. 7, 1994.]

■ In the Matter of TOWNEHOUSE APARTMENTS AT LIDO BEACH CONDOMINIUM, Respondent, v BOARD OF ASSESSORS et al., Appellants. [603 NYS2d 769] —In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered August 16, 1991, which (1) granted the petitioner's motion for summary judgment on the ground, *inter alia,* that the assessment on the petitioner's property was unconstitutional, and (2) reduced the petitioner's real property tax assessment for each of the tax years 1986-1987, 1987-1988, 1988-1989, 1989-1990, and 1990-1991.

Ordered that the order and judgment is reversed, on the law, with costs, the petitioner's motion for summary judgment is denied, and upon searching the record, the petitioner's claim that the reassessment of its property was unconstitutional is dismissed *(see, Matter of Board of Mgrs. v Board of Assessors,* 197 AD2d 620 [decided herewith]). Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur. [As amended by order entered Mar. 7, 1994.]

■ In the Matter of VALLEY TOWNEHOUSE CONDOMINIUM, Respondent, v BOARD OF ASSESSORS et al., Appellants. [603

NYS2d 771] —In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered August 16, 1991, which (1) granted the petitioner's motion for summary judgment on the ground, *inter alia,* that the assessment on the petitioner's property was unconstitutional, and (2) reduced the petitioner's real property tax assessment for each of the tax years 1986-1987, 1987-1988, 1988-1989, 1989-1990, and 1990-1991.

Ordered that the order and judgment is reversed, on the law, with costs, the petitioner's motion for summary judgment is denied, and upon searching the record, the petitioner's claim that the reassessment of its property was unconstitutional is dismissed *(see, Matter of Board of Mgrs. v Board of Assessors,* 197 AD2d 620 [decided herewith]). Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur. [As amended by order entered Mar. 7, 1994.]

■ In the Matter of WAUSAU INSURANCE COMPANY, Respondent, v DELROSE BARTZ, Appellant. [604 NYS2d 760] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County (Colby, J.), dated August 7, 1991, which granted the petitioner's motion pursuant to CPLR 7503 (b) to permanently stay arbitration.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the petitioner's motion to stay arbitration. The appellant failed to comply with the condition precedent to coverage under the uninsured motorist endorsement of the subject automobile policy, which required that she file a statement under oath within 90 days after the accident. No reasonable excuse for that failure has been provided, nor does the appellant contest the fact that the statement was not filed. The fact that the petitioner may have received some notice of the accident does not vitiate the breach of the policy requirement *(see, Matter of Home Indem. Co. v Messana,* 139 AD2d 513). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM C. BAYNES, Appellant. [604 NYS2d 761] —Appeal by the